UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Bank of St. Paul, | Civil No. 09-2240 (ADM/TNL) |
| Plaintiff, | **AMERICAN BANK'S** |
| v. | **MEMORANDUM** |
| | **SUPPORTING MOTION** |
| | **TO SUBMIT PUNITIVE** |
| TD Bank, N.A, | **DAMAGES QUESTION** |
| | **TO THE JURY** |
| Defendant. | |

Plaintiff American Bank of St. Paul is entitled to submit the issue of punitive damages to the jury because punitive damages are intended to punish a wrongdoer for deliberately disregarding the rights or safety of others and to deter the wrongdoer and others from engaging in similar behavior in the future. Punitive damages are not compensatory and are not dependent on the amount of a compensatory damage award. The jury's findings that Mercantile aided and abetted Pearlman's fraud and conspired with Pearlman to commit fraud demonstrate a deliberate disregard for the rights of American Bank and the participant banks, warranting an award of punitive damages. The compensatory damage award of less than the full amount of principal owing on the $28.5 million loan has no bearing on the availability or appropriateness of punitive damages.

The purpose for punitive damages—and the basis for which they are imposed—is related only to the conduct of the defendant and not to whether the plaintiff has received sufficient compensation. The "purpose of punitive damages are to punish the perpetrator, to deter repeat behavior and to deter others from engaging in similar behavior." Jensen v. Walsh, 623 N.W.2d 247, 251 (Minn. 2001); accord Nye v. Blyth Eastman Dillon & Co.,

Inc., 588 F.2d 1189, 1200 (8 Cir. 1978) (holding that punitive damages are not "designed to compensate an injured party, but are designed to punish the offender for his malicious or oppressive conduct"). "[P]unitive or exemplary damages are not compensatory and are not damages to which a plaintiff is entitled as a matter of right, but are imposed to punish the defendant and to deter him, and others like him, from intentional wrongs and deliberate disregard for the safety or rights of others." Rosenbloom v. Flygare, 501 N.W.2d 597, 602 (Minn. 1993). The "focus lies on the defendant's conduct that must be deterred, not the specific outcome of the conduct." Molenaar v. United Cattle Co., 553 N.W.2d 424, 429 (Minn. Ct. App. 1996). It is "therefore appropriate, in determining whether punitive damages should be allowed, to focus on the wrongdoer's conduct rather than to focus on the type of damage that results from the conduct." Jensen, 623 N.W.2d at 251. In enacting Minnesota's punitive-damages statute, "the legislature intended to allow punitive damages when there is clear and convincing evidence that defendant acted with deliberate disregard for the rights *or* safety of others regardless of the nature of the resulting damage." Id. (emphasis in original).

Minnesota courts have held that the amount of compensatory damages awarded is an improper consideration when determining the amount of a punitive damages award. In Sieren v. Am. Family Financial Svcs. of Wis., Inc., 356 N.W.2d 408 (Minn. Ct. App. 1985), the court held that remittitur of a punitive damages award was improper because the lower court considered the amount of compensatory damages awarded in making its determination. Id. at 411. See also Ulrich v. City of Crosby, 848 F. Supp. 861, 867 (D. Minn 1994) (noting that punitive damages serve a different purpose than compensatory damages and are intended to punish a defendant whose conduct reaches a certain level of

culpability) .

Eight Circuit courts also have held that the amount of compensatory damages has no effect on whether punitive damages are an available remedy.  For example, in JBC, Inc., v. Union Planters Bank, N.A., 539 F.3d 862 (8th Cir. 2008), the court awarded $108,750 in punitive damages on an intentional tort claim of trespass where the compensatory damages awarded were only one dollar. Id. at 877.  The court held that "the nominal amount of the compensatory damages for the [trespass tort] does not on its own preclude a punitive damages award . . . ." Id.  See also Exxon Shipping Co. v. Baker, 554 U.S. 471 (2008) (holding that punitive damages are available even where small and nominal actual damages are awarded because the conduct of the defendant is the focus of a punitive damages award); Wallace v. DTG Operations, Inc., 563 F.3d 357, 362 (8 Cir. 2009) (holding that punitive damages are available even when only nominal compensatory damages are awarded); Haynes v. Stephenson, 588 F.3d 1152, 1158 (8 Cir. 2009) (holding that 2500:1 ratio of punitive to compensatory damages was appropriate because actual damages awarded were nominal and conduct of defendant was egregious).

Because an award of punitive damages under Minn. Stat. Ann. § 549.20 is intended to punish and deter the conduct of the defendant, and is not related to the compensation of the plaintiff, American Bank is entitled to submit the issue of punitive damages to the jury in this case.

Dated:  December 2, 2011

s/Eric J. Nystrom
Eric J. Nystrom, #19489X
John C. Ekman, #276480
Daniel N. Sacco, #330723
Anthony N. Kirwin, #387847

**LINDQUIST & VENNUM** P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone:  (612) 371-3211
Facsimile:  (612) 371-3207
enystrom@lindquist.com
jekman@lindquist.com
dsacco@lindquist.com
akirwin@lindquist.com

Attorneys for Plaintiff
American Bank of St. Paul

3598290