# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

American Bank of St. Paul,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **ORDER** |
| v. |  | Civil No. 09-2240 ADM/TNL |

TD Bank, N.A.,

Defendant.

_____

Eric J. Nystrom, Esq., Anthony N. Kirwin, Esq., Daniel N. Sacco, Esq., John C. Ekman, Esq., and William P. Wassweiler, Esq., Lindquist & Vennum PLLP, Minneapolis, MN, on behalf of Plaintiff.

Alan L. Kildow, Esq., Jeffrey E. Mitchell, Esq., and Sonya R. Braunschweig, Esq., DLA Piper LLP, Minneapolis, MN and San Francisco, CA, and Eric S. Golden, Esq., Howard S. Marks, Esq., and Joe A. Joseph, Esq., Burr & Forman LLP, Orlando and Winter Park, FL and Birmingham, AL, on behalf of Defendant.

_____

This matter is before the undersigned United States District Judge for a ruling on Plaintiff American Bank of St. Paul's ("American Bank") Motion for Review of the Clerk of Court's Cost Judgment [Docket No. 320].   In the Cost Judgment [Docket No. 294], the Clerk of the Court denied $76,866.02 of the total $157,431.56 claimed by American Bank.  American Bank argues that it is entitled to $76,370.30 of those denied costs, including $20,476.25 in video deposition costs, $19,683.30 in video presentation costs, and $36,210.75 related to a mock jury trial conducted for trial preparation.

The Court upholds the Clerk's Cost Judgment, with the exception of the denied $20,476.25 in video deposition costs.  Cost recovery for stenographic transcripts as well as video recording is

permissible.  Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009)

(holding that video deposition costs may be taxed under 28 U.S.C. § 1920 where not unreasonable or

unnecessary); Fair Isaac Corp. v. Experian Information Solutions Inc., Civ. No. 06-4112, 2010 WL

2089999, at *1 (D. Minn. May 21, 2010) (modifying a cost judgment to include video deposition costs

in addition to written transcripts where the recordings were necessary); Morrison v. Reichhold Chems.,

Inc., 97 F.3d 460, 464  65 (11th Cir. 1996) ("[W]e hold that, when a party notices a deposition to be

recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no

objection is raised at that time . . . it is appropriate under § 1920 to award the cost of conducting the

deposition in the manner noticed."); see also 28 U.S.C. § 1920(2) ("A judge or clerk . . . may tax as

costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the

case.").  The Court is satisfied in this case that both transcripts and video recordings of the depositions

were reasonably necessary at the time they were obtained.

     As for costs associated with video presentation, these are not normally taxable costs and were

not necessary here.  Cf. E.E.O.C. v. Hibbing Taconite Co., Civ. No. 09-729, 2010 WL 4237318, at

*4 (D. Minn. Oct. 21, 2010) (awarding taxation of video equipment where the "Duluth courthouse

lack[ed] multimedia equipment to easily display such evidence.").  Additionally, mock jury trial fees and

jury consultant costs are generally categorized as attorneys' fees, not taxable costs, and were not

reasonably necessary in this case.  See, e.g., Ryther v. KARE 11, 864 F. Supp. 1525, 1534 (D. Minn.

1994) ("The court also concludes that defendants should not be taxed . . . fees charged by a jury

consultant who helped plaintiff develop the juror questionnaire and assisted in jury selection."); Charles

v. Daley, 846 F.2d 1057, 1075  77 (7th Cir. 1988) (reducing the district court's award of mock oral

argument costs awarded as attorneys' fees).  Accordingly, these costs were correctly denied by the

Clerk of Court as not reasonably necessary.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.      American Bank's Motion for Review of the Clerk of Court's Cost Judgment

[Docket No. 320] is **GRANTED** in part; and

2.      The Cost Judgment [Docket No. 294] is modified to allow an additional

$20,476.25 in costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 9, 2012.